UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER MARTIN RIDGEWAY**　　　　**CIVIL ACTION**

**VERSUS**　　　　**NO. 17-9507 W/ Related Case No. 17-7857**

**STRYKER CORPORATION, ET AL.**　　　　**SECTION "B"(4)**

## ORDER AND REASONS

Considering Appellant-Debtor Christopher Martin Ridgeway's ("Debtor") Motion and Memorandum in Support for Leave to Appeal Order Denying Debtor's Motion to be Reconsidered (Rec. Doc. 1) and Appellees', Stryker Corporation and Howmedica Osteonics Corporation (collectively, "Appellees"), Response in Opposition to Motion for Leave to Appeal. Rec. Doc. 6. Also before the Court is Debtor's Motion to Expedite Appeal (Rec. Doc. 9). For the following reasons,

**IT IS ORDERED** that Debtor's Motion for Leave to Appeal is **DENIED**.

**IT IS FURTHER ORDERED** that Debtor's Motion to Expedite is **DISMISSED as moot**.

**FACTS AND PROCEDURAL HISTORY**

Before the Court is a request by the Debtor seeking leave to appeal a decision of the Bankruptcy Court that struck his common core doctrine objections to Appellees proofs of claim for attorney fees and costs. Rec. Doc. 1. In particular, Appellees proofs of

1

claim for attorney's fees and costs were submitted based on an underlying judgment in federal court in the Western District of Michigan ("Michigan Case"). *Id*.

**Michigan Case**

This controversy originated in Michigan, where Appellees brought a claim against Debtor—former employee of Appellees—in part, for violation of a non-compete under the Michigan Uniform Trade Secrets Act ("MUTSA"). Rec. Doc. 1 at 7-11. Following jury trial, judgment was entered in favor of Appellees and against the Debtor on March 9, 2016. Rec. Doc. 1 at 8-9. Debtor appealed the judgment, which was affirmed by the Sixth Circuit. *Id*. Shortly thereafter, Debtor filed a voluntary petition for Chapter 11 Bankruptcy on March 23, 2016. *See In Re Christopher Martin Ridgeway*, No. 16-10643 (E.D. LA 2017).

**Bankruptcy Appeal**

The instant appeal deals with a pre-hearing, evidentiary ruling from the Bankruptcy Court. In July of 2016, Appellees filed proofs of claim with the Bankruptcy Court seeking an award for attorney fees and costs based on the Michigan Case judgment. Appellees claim is in the amount of $3,432,147.71: $745,195 for actual damages, and the bulk of the remaining $2.2 million for attorneys' fees and costs. Rec. Docs. 1 and 6. Appellees cite the Michigan Uniform and Trade Secrets Act, MCL 445.1901 et seq.,

2

("MUTSA") and "common core" doctrine as one basis for an award of costs and fees. *See* Bankr. Dkt. Nos. 288 and 384.

In December 2016, Debtor filed his Objections to Appellees Proof of Claim, asserting that Appellees were not entitled to recover certain attorneys' fees under MUTSA and the common core doctrine. Bankr. Dkt. No. 288.

On April 6, 2017, after reassignment to the case, the Honorable Judge Douglass Dodd held an initial status conference with the Parties (the "April Conference"). Rec. Doc. 1 at 15. Unfortunately, due to a lack of any transcript for the April Conference on the record, we have only the Parties' best recollection of the discussions had during said conference. Nevertheless, in pertinent part, the April Conference order reads:

IT IS ORDERED that:

1) Not later than May 15, 2017, debtor shall file and serve on Stryker and Howmedica's counsel a list of time entries in Stryker and Howmedica's counsel's billing statements that it contends are objectionable, specifying for each entry the debtor's basis for claiming that the debtor should not be liable for the charges relating to the time entry, with a concluding summary of the total amounts for each objection category.

2) Stryker and Howmedica shall file and serve on debtor's counsel its response to each of debtor's objections.

Bankr. Dkt. No. 354.

Debtor filed his Supplemental Objection according to the April Conference order on May 15, 2017. Bankr. Dkt. No. 384.

3

However, the subject of this current appeal involves Debtor's failure to include specifically identified time entries for the Debtor's common-core objections. On June 5, 2017, Appellees filed a motion to strike Debtor's common-core objections, arguing that Debtor failed to identify specific time entries, as verbally ordered in the April Conference Bankr. Dkt. No. 391. The Motion to Strike Debtor's common-core objections was granted in part on July 31, 2017, "to the extent the Debtor's Objection identified specific, objectionable time entries." Bankr. Dkt. No. 438.

On August 14, 2017, Debtor filed a Motion to Reconsider the Bankruptcy Court's Order on Appellees Motion to Strike. Bankr. Dkt. No. 445. Debtor's Motion to Reconsider was denied on September 8, 2017. Bankr. Dkt. No. 494. Thereafter, Debtor timely filed the instant appeal, seeking this Court's review of the Bankruptcy Court's denial of Debtor's Motion to Reconsider.

**PARTIES' CONTENTIONS**

Debtor contends that he already submitted his common-core objections in his original objections filed in December 2016. Rec. Doc. 1. Debtor contends that he understood the Supplemental Objection filed in May 2017 were to include non-duplicative objections to the Appellees claim for attorneys' fees and costs. Further, Debtor argues that the Bankruptcy Court struck his common-core objections pursuant to Federal Rule of Bankruptcy Procedure 7016, which legally does not apply. Id.

4

Appellees assert that Debtor's appeal is interlocutory and not an appeal as of right. Rec. Doc. 6. Further, Appellees contend that Debtor does not meet the threshold requirements for this Court to grant leave of interlocutory appeal. Finally, Appellees argue that Debtor likely estopped from challenging common-core doctrine in this matter.

**LAW AND ANALYSIS**

Appeals from Bankruptcy Court are governed by 28 U.S.C. § 158, Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rules 83.4.2, 83.4.3 and 83.4.4. While parties have an absolute right of appeal of final orders, parties must be granted leave for interlocutory review of issues by the District Court. 28 U.S.C. § 158(a).

As an initial matter, this Court is presented with the threshold consideration of the nature of this appeal. The order by the Bankruptcy Court striking Debtor's common-core objections is in regards to an evidentiary hearing to be held on November 30, 2017. 28 U.S.C § 158(a) provides:

> **(a) The district courts of the United States shall have jurisdiction to hear appeals**
> **(1)** from final judgments, orders, and decrees;
> **(2)** from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> **(3)** with leave of the court, from other interlocutory orders and decrees;

> **and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.** An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C.A. § 158 (emphasis added).

To become final, the decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment. *Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.),* 979 F.2d 1358, 1362 (9th Cir.1992); *In re Kashani,* 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995). "An interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter." *In re Kashani*, 190 B.R. at 882. Here, the underlying order striking Debtor's claims does not dispose of the dispute between Debtor and Appellees. "In the bankruptcy context, discovery orders also are generally considered interlocutory and not immediately appealable." *In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012). The issue of admissibility of Appellees' proofs of claims remains pending before the Bankruptcy Court. As a result, Debtor's requested review by this Court is interlocutory in nature.

Accordingly, and pursuant to federal law governing interlocutory appeals, we must next determine whether the

Bankruptcy Court's order **1) involves a controlling question of law,** as to which, **2) there is substantial ground for difference of opinion,** and **3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation**. 28 U.S.C.A. § 1292 (emphasis added). Section 158 does not explicitly provide district courts with guidance in its decision-making process regarding interlocutory appeals. *In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011). "Although the Fifth Circuit has expressly reserved the question," *see In re Ichinose,* 946 F.2d 1169, 1177 (5th Cir.1991), district courts in the Fifth Circuit have looked to the above-mentioned § 1292(b) factors for requisite guidance. *In re Royce Homes LP*, 466 B.R. 81, 93 (S.D. Tex. 2012).

**No Controlling Issue of Law**

On interlocutory review, "[t]he question of law must refer to a **pure question of law** that the reviewing court could decide quickly and cleanly without having to study the record." *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012)(emphasis added). Similarly, it is a well-accepted that:

> Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding— the bankruptcy judge.
> *In re Towers Fin. Corp.,* 164 B.R. 719, 721 (S.D.N.Y. 1994).

Here, Debtor's attempt to tie this issue to Federal Rule of Bankruptcy Procedure 7016 is unconvincing. The issue before us is

7

one of discretion pertaining to what the Debtor will be allowed to present during the pre-trial, evidentiary hearing set for November 30, 2017. Review of Debtor's request would require this Court to delve into the factual Bankruptcy record, as well as the record in the Michigan Case. The request by Debtor does not involve, as required, "pure" or "abstract" issues of law "suitable for determination by an appellate court without a trial record." *In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011). Further, Debtor has failed to meet his burden of proving any exceptional circumstances that would require this Court to take such an undertaking.

**No Material Advancement of Ultimate Termination of the Litigation**

Additionally, hearing this discovery issue on interlocutory appeal would do nothing to further the ultimate termination of this litigation. In fact, appeal would materially delay the approaching determinative evidentiary hearing.

Based on the foregoing, Debtor's motion for leave to appeal is **DENIED**.

New Orleans, Louisiana, this 16th day of November, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE